**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0411-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE R. RODRIGUEZ,

     Defendant-Appellant.

_____

Submitted November 13, 2019 - Decided December 16, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 12-11-1056.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard W. Bailey, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose R. Rodriguez appeals from the denial of his petition for post-conviction relief (PCR), contending trial counsel was ineffective, and the PCR court improperly denied his petition without an evidentiary hearing. After a review of the contentions in light of the record, and applicable principles of law, we affirm.

During an argument between defendant and another man, defendant shot and killed the man. He pleaded guilty to an amended charge of first-degree aggravated manslaughter, in violation of N.J.S.A. 2C:11-4(a), and second-degree unlawful possession of a firearm for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(a). Defendant was sentenced to an aggregate prison term of seventeen years with an eighty-five percent period of parole ineligibility.

During the plea hearing, defense counsel informed the court he discussed the revocation of the license of the medical examiner, Hisham A. Hashish, M.D., in New York and New Mexico. Dr. Hashish remained licensed to practice in New Jersey. Counsel asserted that he discussed these circumstances with defendant and advised him to go forward with the plea. Defendant confirmed that he wished to accept the plea agreement.

Prior to the plea hearing, defendant provided the names of three individuals to his counsel, whom he asserted would be favorable witnesses.

Counsel's investigator went to the address of each individual one time and left contact information. None of the witnesses responded to the inquiry and no follow-up was done by counsel or his investigator.

Defendant filed a PCR petition pro se, and thereafter, assigned counsel filed a brief.[1] Through counsel, defendant asserted his trial counsel was constitutionally ineffective because: 1) he did not file a motion to dismiss the indictment or a motion to suppress scientific and forensic evidence; and 2) he did not interview certain witnesses prior to proceeding to a guilty plea.

During oral argument on the PCR petition, the PCR court asked whether any of the witnesses had been interviewed following the submission of the petition, and if Dr. Hashish was licensed at the time of defendant's plea. PCR counsel advised that one of the witnesses was deceased. Her investigator spoke with the other two witnesses, but they were not willing to come forward, testify, or give a written statement. She confirmed that Dr. Hashish remained licensed in New Jersey at the time of the plea.

The PCR court issued an oral decision on July 30, 2018. In noting that Dr. Hashish was licensed to practice in New Jersey at the time of defendant's plea, the court found there was no basis to challenge or suppress his report. In

---

[1] Defendant also filed a supplemental pro se brief.

A-0411-18T4

addition, defense counsel discussed the issue with defendant during the plea hearing and defendant agreed to proceed with the plea. The court further noted the first-degree murder charge was amended to manslaughter. Therefore, the court found no merit to the argument that trial counsel was ineffective in not challenging the report of Dr. Hashish.

The PCR court also addressed the arguments concerning the witnesses. He noted that although PCR counsel had spoken to the two living witnesses, they were not willing to testify. Therefore, even if trial counsel had been more diligent regarding the witnesses, the result would have been the same. In the court's view, defendant would not have changed his plea, even if trial counsel challenged the report or spoke to the witnesses.

As a result, the PCR court found no cause existed to warrant an evidentiary hearing and, therefore, denied defendant's PCR petition because it failed to meet the standard under Strickland v. Washington, 466 U.S. 668, 687 (1984).

On appeal, defendant presents the following arguments:

> Point I. The post-conviction relief court erred in denying the defendant's petition for post-conviction relief without affording him an evidentiary hearing to fully address his contention that he failed to receive adequate legal representation from trial counsel.

A-0411-18T4

> A. The prevailing legal principles regarding claims of ineffective assistance of counsel, evidentiary hearings, and petitions for post-conviction relief.
>
> B. Defendant received ineffective assistance of counsel when his attorney failed to object to the medical examiner's report on the basis that he had his medical license revoked in several states.
>
> C. Defendant received ineffective assistance of counsel when his attorney failed to investigate and interview witnesses that would have exculpated defendant.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We are satisfied from our review of the record that defendant failed to demonstrate trial counsel was ineffective under the Strickland-Fritz test.

Defendant was apprised of the issue regarding Dr. Hashish prior to the plea hearing. Defendant confirmed the discussion and stated he still wished to plead guilty. In addition, defendant has not presented any evidence that he could have successfully challenged the admissibility of Dr. Hashish's report or testimony. The medical examiner was still licensed to practice in New Jersey at the time of defendant's plea. Moreover, even if the report was suppressed, there was an eyewitness to the shooting and ample evidence regarding defendant's involvement. Defendant has not demonstrated trial counsel was deficient in his handling of the issue pertaining to Dr. Hashish, nor that there was any "reasonable probability" of a different outcome. Fritz, 105 N.J. at 52 (citing Strickland, 466 U.S. at 694).

In turning to defendant's assertions regarding trial counsel's failure to interview three potential witnesses, we find the contention lacks merit. Although PCR counsel's investigator was able to locate two of the witnesses, they refused to speak with him or provide a written statement. Therefore, PCR counsel was no more successful in her interactions with the witnesses than was trial counsel. Moreover, defendant has not stated what information the witnesses might provide. As is well-established, "a petitioner must do more than

make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Because defendant has not demonstrated a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7